Filed 7/7/26  P. v. Wilson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086044 |
| Plaintiff and Respondent, | (Super. Ct. No. FVI024734) |
| v. | |
| DEANTHONY GEORGE WILSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Debra Harris, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Deanthony George Wilson appeals from the trial court's denial of his petition to recall his sentence under Penal Code section 1170, subdivision

(d)(1)(A).[1] That statute authorizes the filing of such a petition by a defendant who was sentenced to imprisonment for life *without* the possibility of parole (LWOP) for an offense the defendant committed while under 18 years of age after the defendant has served 15 years in prison. (§ 1170, subd. (d)(1)(A).) Wilson acknowledges that he was sentenced to imprisonment for life *with* the possibility of parole for a murder that he committed when he was 17 years old.

Wilson, however, contends that his 40-years-to-life sentence is the functional equivalent of an LWOP sentence. Wilson further contends that this court's decision in *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*) and its progeny provide that section 1170, subdivision (d)(1)(A)'s exclusion of those sentenced to the functional equivalent of LWOP from the ability to file a petition under that statute violates the guarantee of equal protection of the law. (See *Heard*, at p. 612 ["denying juvenile offenders, who were sentenced to the functional equivalent of life without parole, the opportunity to petition for resentencing violates the guarantee of equal protection"].)[2] The *Heard* court noted that the defendant in that case was serving a sentence of 103 years to life (*ibid.*), a term of years with a parole eligibility date that was unquestionably beyond his natural life expectancy. The *Heard* court

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

[2]     The issue of whether defendants who were sentenced to the functional equivalent of LWOP may petition for a recall of sentence under section 1170, subdivision (d)(1)(A) is currently pending in a case before the California Supreme Court. (See *People v. Munoz* (2025) 110 Cal.App.5th 499, review granted June 25, 2025, S290828 (*Munoz*).)

concluded that "[s]uch a sentence constitutes a de facto life without parole sentence."  (*Id*. at p. 629.)

Wilson cites no California authority, and we are not aware of any, concluding that a sentence of 40 years to life for a crime committed as a juvenile is functionally equivalent to an LWOP sentence.  For the reasons we discuss below, we conclude that Wilson's 40-years-to-life sentence is not a de facto LWOP sentence such that principles of equal protection require that he be permitted to petition for recall of sentence under section 1170, subdivision (d)(1)(A).  (See *People v. Baldwin* (2025) 113 Cal.App.5th 978, 1006 (*Baldwin*) ["[A]s applied to juvenile nonhomicide offenders sentenced to 44 years to life, appellant fails to demonstrate section 1170[, subdivision] (d)'s eligibility limitation has no rational basis and is therefore unconstitutional under the Fourteenth Amendment"].)[3]  Accordingly, we affirm the trial court's order denying Wilson's petition.

---

[3]    There is a conflict of authority with respect to whether a sentence of *50* years to life for an offense committed as a juvenile amounts to a de facto LWOP sentence for purposes of an equal protection claim under *Heard*. (Compare *Munoz, supra*, 110 Cal.App.5th at p. 503, review granted [concluding that defendant's sentence of 50 years to life is *not* the functional equivalent of LWOP sentence] and *People v. Thompson* (2025) 112 Cal.App.5th 1058, 1072, fn. 4, review granted September 24, 2025, S292540 (*Thompson*) [disagreeing with "the conclusion that section 1170[, subdivision] (d) violates equal protection guarantees in denying relief to juvenile offenders sentenced to 50 years to life"] with *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653 (*Cabrera*) [concluding that 50-year-to-life sentence *is* the functional equivalent of an LWOP sentence]).)  Our Supreme Court may address this issue in *Munoz*.  There is no conflict, however, with respect to a term of *40* years to life, as is at issue in this case.

## PROCEDURAL BACKGROUND

In 2009, a jury found Wilson guilty of second degree murder (§ 187, subd. (a)) (count 1) and street terrorism (§ 186.22, subd. (a)) (count 2). With respect to count 1, the jury also found true allegations that Wilson committed the murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and personally discharged a firearm proximately causing great bodily injury and death (§ 12022.53, subd. (d)). With respect to both counts, the jury found true the allegation that Wilson personally used a firearm (§ 12022.5, subd. (a)).

In 2010, the trial court sentenced Wilson to 53 years to life in prison, consisting of 40 years to life on count 1 (15 years to life on the underlying offense, plus 25 years consecutive on the section 12022.53, subdivision (d) gun enhancement), along with a consecutive 13 year term on count 2 (three years on the underlying offense, plus 10 years consecutive on the section 12022.5, subdivision (a) gun enhancement). The trial court imposed and stayed sentences on the remaining enhancements.

In 2012, Wilson filed a petition for writ of habeas corpus in the trial court.[4] The trial court granted the petition and modified Wilson's sentence by staying the 13-year aggregate term on count 2. The effect of the trial court's order was to modify Wilson's sentence to 40 years to life in prison.

---

[4]    We grant Wilson's unopposed March 16, 2026 request that we take judicial notice of three court records, one from a state trial court and two from a federal district court, related to the procedural background described in this paragraph. (See Evid. Code, §§ 459, subd. (a) [providing that a "reviewing court may take judicial notice of any matter specified in [Evidence Code] Section 452"], 452, subd. (d) [permitting the taking of judicial notice of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States"].)

In 2013, Wilson filed a petition for writ of habeas corpus in federal district court. In 2015, the district court granted the petition in part, concluding that there was insufficient evidence to support Wilson's street terrorism conviction (§ 186.22, subd. (a)) (count 2) and directing that the trial court resentence Wilson on the remaining conviction on count 1.

In 2016, the trial court resentenced Wilson to 40 years to life in prison on count 1, comprised of 15 years to life on the underlying offense, plus 25 years consecutive on the section 12022.53, subdivision (d) gun enhancement. The court struck the conviction pertaining to count 2 per the federal district court's judgment granting Wilson's habeas petition in part.

In January 2024, Wilson filed a petition for recall of his sentence and resentencing under section 1170, subdivision (d)(1)(A) and *Heard, supra*, 83 Cal.App.5th 608. In an accompanying brief, Wilson argued that a defendant sentenced to a de facto LWOP term is entitled to file a section 1170, subdivision (d)(1)(A) petition for recall of sentence under *Heard* after 15 years of incarceration. Wilson argued further that he had been incarcerated for 15 years and that his 40-years-to-life sentence was a de facto life sentence because it did not "provide him the meaningful and realistic hope of release or a genuine opportunity to reintegrate." (Citing *People v. Contreras* (2018) 4 Cal.5th 349, 373 (*Contreras*).) Wilson supported his petition with various exhibits, including those demonstrating his rehabilitative efforts while in prison.

The People filed an opposition in which they argued that Wilson was statutorily ineligible for relief under section 1170, subdivision (d)(1)(A) because he had not been sentenced to life without the possibility of parole. The People contended that Wilson's claim that he was entitled to recall of his

5

sentence under *Heard* failed for several reasons, including that his 40-years-to-life sentence did not amount to a de facto LWOP sentence.

After Wilson filed additional documents attesting to his work toward rehabilitation, the People filed two supplemental briefs in opposition discussing recent case law pertaining to the legal issues in the case.

On April 4, 2025, the trial court held a hearing on Wilson's petition and denied it.

Wilson timely appeals.

DISCUSSION

Wilson contends that his 40-years-to-life sentence is the functional equivalent of an LWOP sentence and that section 1170, subdivision (d)(1)(A)'s exclusion of those sentenced to the functional equivalent of LWOP from its scope violates equal protection of the law.  We assume for the sake of this opinion that the independent standard of review applies, since we conclude that Wilson's claim fails even if we accord the trial court's ruling no deference.

Section 1170, subdivision (d)(1)(A) provides, "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

In *Heard*, we concluded that section 1170, subdivision (d)(1)(A) "violates the guarantee of equal protection" by "denying juvenile offenders, who were sentenced to the functional equivalent of life without parole, the opportunity to petition for resentencing." (*Heard, supra*, 83 Cal.App.5th at p. 612.)  Our decision in *Heard*, however, and the published cases following it, involved defendants serving sentences with minimum parole eligibility dates

6

greater than 40 years. (See *Heard, supra*, 83 Cal.App.5th at p. 612 [103 years]; *Cabrera, supra*, 111 Cal.App.5th at p. 653 [50 years to life]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1047 [67 years, plus 40 years to life]; *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 [10 years, plus 130 years to life].) No published case has concluded that a sentence of 40 years to life for a crime committed as a juvenile is the functional equivalent of LWOP for purposes of deciding an equal protection challenge to section 1170, subdivision (d)(1)(A).

Moreover, in *Baldwin*, the Court of Appeal *rejected* an equal protection challenge to section 1170, subdivision (d)(1)(A) brought by a defendant who had been sentenced to a term of 44 years to life in prison for a crime he committed as a juvenile. (*Baldwin, supra*, 113 Cal.App.5th at p. 1006.) In reaching this conclusion, the *Baldwin* court first explained that the parties had based their arguments on the formulation of functional equivalence of LWOP that the California Supreme Court had applied in considering an Eighth Amendment challenge to a sentence of 50 years to life in *Contreras, supra*, 4 Cal.5th 349. (*Baldwin*, at p. 1001.) The *Baldwin* court rejected this approach, reasoning that "an equal protection analysis to section 1170[, subdivision] (d) requires 'an equal protection specific' analysis that is not centered on Eighth Amendment concerns." (*Baldwin*, at p. 985.) The *Baldwin* court concluded that, in resolving the equal protection claim before the court, it was instead appropriate to apply equal protection principles elucidated in our Supreme Court's recent decisions in *People v. Williams* (2024) 17 Cal.5th 99 and *People v. Hardin* (2024) 15 Cal.5th 834. (*Baldwin*, at p. 1001.)

In applying these principles, the *Baldwin* court concluded that the Legislature had a rational basis for treating juvenile offenders sentenced to

44 years to life differently from juveniles sentenced to LWOP. (*Baldwin, supra*, 113 Cal.App.5th at pp. 1002–1006.) The *Baldwin* court reasoned in part that the legislative history of the bill that enacted what is now section 1170, subdivision (d)(1)(A) supported the conclusion that the "Legislature's primary concern was with those juveniles whose sentences guaranteed their death in prison because they offered no opportunity for parole." (*Baldwin*, at p. 1002.) The *Baldwin* court also noted that "legislative committee reports reflect concerns centered specifically on LWOP, not lengthy juvenile sentences generally." (*Id.* at p. 1003.) The *Baldwin* court reasoned that the Legislature acted rationally in focusing on those sentenced to LWOP since the Legislature could have decided that this was the most " 'pressing priority,' " (*id.* at p. 1005, quoting *Thompson, supra*, 112 Cal.App.5th at p. 1077, review granted). Further, the *Baldwin* court noted that it was well established that it is rational for the Legislature to proceed incrementally and that courts are not permitted to second guess the Legislature's authority to determine which problem was most in need of addressing. (*Baldwin*, at p. 1005.)

We find these aspects of *Baldwin* persuasive and apply them here. "[T]he Legislature could have made a rational choice to target the harshest juvenile punishment first, and the one that *guarantees* the juvenile will die in prison." (*Baldwin, supra*, 113 Cal.App.5th at p. 1004.) Wilson's sentence of 40 years to life is not functionally equivalent to LWOP under *Heard* because it is "not a sentence that guarantees death in prison, like LWOP or like sentences of 103 years to life . . . ." (*Ibid.*) In light of *Baldwin*, and in the absence of any published authority holding that a sentence of 40 years to life imposed on a defendant for a crime committed as a juvenile is a de facto LWOP, we conclude that Wilson has failed to establish that principles of

8

equal protection require that he be permitted to petition for recall of sentence under section 1170, subdivision (d)(1)(A).

DISPOSITION

The April 4, 2025 order denying Wilson's petition to recall his sentence is affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

9